# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:17-cv-04169-NKL |
| ) | |
| STUART HEAD, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Defendant Stuart Head's Motion to Dismiss, Doc. 26. For the following reasons, the motion is denied.

**I.     Background[1]**

Defendant Stuart Head is a former Exclusive Agent for Plaintiff Allstate Insurance Company. As an Exclusive Agent, Head was permitted to sell Allstate insurance products and services, and to receive commissions for their sale. He was also provided with access to confidential information from Allstate.

Head's relationship with Allstate was established through an "Allstate R3001C Exclusive Agency Agreement" (the "EA Agreement"), dated May 1, 2015. Doc. 1, p. 1. The EA Agreement also contains a separate Confidentiality and Non-Competition Agreement (the "Key Person Agreement"), attached as Appendix A, also dated May 1, 2015. *Id.* at 13-14. Head signed both the EA Agreement and the Key Person Agreement twice, once as a representative of the Head Brothers Agency, LLC and once as the "Key Person."

---

[1]     The facts are found in Plaintiff's Complaint. Doc. 1. For purposes of deciding the Defendant's Motion to Dismiss, the Court accepts the Plaintiff's factual allegations as true and construes them in the light most favorable to Plaintiff. *See Stodghill v. Wellston Sch. Dist.,* 512 F.3d 472, 476 (8th Cir. 2008).

The EA Agreement allowed Head to become an exclusive Allstate insurance agent, and contained several provisions that apply in the event of its termination. Among them, Head agreed that upon termination, he would return all Allstate confidential information and property in his possession, and would cease to use Allstate phone numbers to conduct business. Head also agreed that for one year after termination, he would not operate a competing insurance agency within one mile of his former Allstate Exclusive Agency, and would not solicit Allstate customers whom he serviced as an Allstate Exclusive Agent or knew about because of his access to Allstate confidential information. Doc. 1, pp. 1-2; Doc. 1-2, pp. 9-11.

On April 28, 2017, Allstate notified Head that his EA Agreement would be terminated, effective July 31, 2017. *Id.* at 2. On or about June 5, 2017, Head began to operate a competing independent insurance business known as Head Brothers Insurance Group, LLC, and immediately began to solicit Allstate customers to transfer their insurance business to his new company. *Id.* at 3. When the EA agreement officially terminated on July 31, 2017, Head failed to return the Allstate confidential information in his possession, and continued to use his Allstate telephone numbers to operate his competing insurance agency. *Id.*

On September 11, 2017, Allstate filed the present action based on Head's failure to comply with the contract, and his misappropriation of Allstate's trade secrets. The Complaint contains three counts: breach of contract; threatened and actual misappropriation of trade secrets and confidential information under the Missouri Uniform Trade Secrets Act; and Misappropriation of Trade Secrets under the Federal Defend Trade Secrets Act.

**II.    Discussion**

Head moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain

2

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when its allegations rise above the "speculative" or "conceivable," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Such a complaint will be liberally construed in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

Head raises only one argument, that the Missouri Limited Liability Company Act prevents Allstate from bringing its claims against Head individually, rather than the Head Brothers Agency, LLC. The Act provides that,

> [a] person who is a member, manager, or both, of a limited liability company is not liable, solely by reason of being a member or manager, or both, under a judgment, decree or order of a court, or in any other manner, for a debt, obligation or liability of the limited liability company, whether arising in contract, tort or otherwise or for the acts or omissions of any other member, manager, agent or employee of the limited liability company.

Mo. Rev. Stat. § 347.057. Head maintains that, on its face, the Complaint alleges "the Agreement at issue was executed between Allstate and the Agency," and therefore, although Allstate attempts to bring its claims against Head individually, it does so "only on the grounds that he is a member, manager, or both of the Agency." Doc. 27, p. 7. The only proper defendant, according to Head, is the Head Brothers Agency, LLC. *Id.*

Head is correct that a breach of contract claim may not be brought against non-parties to a contract. *See, e.g.*, *Kahn v. Prahl*, 414 S.W.2d 269 (Mo. 1967) ("[O]ne not a party to a contract is not bound thereby and is not liable for breach of a contract to which he is not a party."). However, Allstate maintains that by signing the EA Agreement twice, as both a

representative and as the Key Person, Head agreed to be bound by its terms. Doc. 28, p. 3. Head failed to respond to this contention. Furthermore, Head is undisputedly a party to the Key Person Agreement, which is attached as Appendix A to the EA Agreement, and is also attached to the Complaint. Doc. 1-2, pp. 14-15. Head's signature line on the Key Person Agreement specifically states "Key person as an Individual," and contains many of the same requirements as are found in the EA Agreement, and upon which Allstate's claims are based. *Id.* For example, the Key Person Agreement requires Head to return all confidential information to Allstate "at any time upon the demand of [Allstate] or upon the termination of [Head's] employment by Agency," *Id.* at 14, and also contains the exact same non-competition and non-solicitation provisions as the EA Agreement. *Id.* at 15. Thus, Allstate's breach of contract claims against Head are not based solely on the grounds that he is a member or manager of Head Brothers Agency, LLC, and they may be brought against Head individually, notwithstanding the Missouri Limited Liability Company Act.

Counts II and III, which allege misappropriation of trade secrets under Missouri law and federal law, respectively, do not turn on any contract. *See, e.g.*, *Cent. Tr. & Inv. Co. v. Signalpoint Asset Mgmt., LLC*, 422 S.W.3d 312, 320 (Mo. 2014) ("A claim for misappropriation of trade secrets under the MUTSA has three elements: (1) a trade secret exists, (2) the defendant misappropriated the trade secret, and (3) the plaintiff is entitled to either damages or injunctive relief."); *Phyllis Schlafly Revocable Tr. v. Cori*, No. 4:16CV01631 JAR, 2016 WL 6611133, at *2 (E.D. Mo. Nov. 9, 2016) ("The elements of . . . trade secret misappropriation claims under the [Defend Trade Secrets Act] and the [Missouri Uniform Trade Secrets Act] are essentially the same."). Thus, Head's argument that he is not a proper party to this lawsuit because he is not a

party to the EA Agreement is irrelevant with regard to these counts, and the Missouri Limited Liability Company Act does not prohibit them.

## III. Conclusion

For the reasons set forth above, Defendant's motions to dismiss, Doc. 26, is denied.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: January 17, 2018
Jefferson City, Missouri